IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor, | ) ) ) | |
| | ) | C.A. No. 05-cv-00424 SLR |
| Plaintiffs, | ) ) | |
| | ) | Trial by Jury Demanded |
| v. | ) ) | |
| CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CINNINGHAM, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANTS TO COMPLAINT

1.      The Defendants are without sufficient information to affirm or deny the allegations of paragraph 1.

2.      The Defendants are without sufficient information to affirm or deny the allegations of paragraph 2.

3.      The Defendants are without sufficient information to affirm or deny the allegations of paragraph 3.

4.      The Defendants are without sufficient information to affirm or deny the allegations of paragraph 4.

5.      The Defendants are without sufficient information to affirm or deny the allegations of paragraph 5.

6.      The Defendants are without sufficient information to affirm or deny the allegations of paragraph 6.

7.      Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     Paragraph 12 sets forth a legal conclusion as to which no responsive pleading is required.

13.     Paragraph 13 sets forth a legal conclusion as to which no responsive pleading is required.

14.     The Defendants are without sufficient information to affirm or deny the allegations in paragraph 14.

15.     The Defendants are without sufficient information to affirm or deny the allegations in paragraph 15.

16.     The Defendants are without sufficient information to affirm or deny the allegations in paragraph 16.

17.     Denied that Defendants agreed to, consented to, or acted in concert with the community pressure alleged in paragraph 17.   The Defendants are without sufficient information to affirm or deny the balance of the allegations set forth in paragraph 17.

18.     Denied; except admitted that during the 2000-2001 school year, Jane Doe and one other parent of a child deemed the activities of a teacher inappropriate, and the two parents complained about the activities to District administrators.

19.     Denied; except admitted that, following a thorough investigation, it was concluded that, measured against the standard of a reasonable person, the views expressed by the

complaining parents that the gym teacher's behavior was "perverted", "disgusting", and "sexually abusive" were extreme and unfounded.

20.    The Defendants are without sufficient information to affirm or deny allegations that the home and personal property of the Plaintiffs was vandalized.  Admitted that Jane Doe expressed concern to Defendant Janet Maull ("Maull") for her children's physical safety, and reported Jane Doe's house was vandalized.

21.    Denied; except admitted that in September, 2003, the Defendant Cindy Cunningham ("Cunningham") read to her class from a book entitled "September 11, 2001" published by Steck-Vaughn.  This book was a supplemental text which was part of the approved 4th grade curriculum.  By way of further answer, Cunningham read from this book during one class for approximately 35 minutes.  The book "September 11, 2001" speaks for itself.

22.    Denied; except admitted that Cunningham commented on the beauty of the silk and other material in Jane Doe's clothing.

23.    The Defendants are without sufficient information to affirm or deny the allegation that Nancy Doe was subjected to derisive comments, noises or gestures as a result of a lesson described in the answer to paragraph 21.

24.    Admitted that on or about September 11, 2003, Jane Doe contacted Maull to express concerns about the lesson described in answer to paragraph 21.  Maull stated that she would speak to Cunningham with regard Jane Doe's concerns.  Denied that thereafter Cunningham continued with "the same or similar materials equating members of the Muslim faith to terrorists."

25.    Denied; except admitted that Jane Doe met with Cunningham on September 12, 2003 and thereafter thanked Cunningham for Cunningham's generous words of

encouragement for Nancy Doe, for Cunningham's understanding why Nancy Doe was upset about the reading of the book, and for not finishing the presentation of the book to Cunningham's class.

26.    Denied that Cunningham described all Muslims as terrorists, and denied that Cunningham continued to describe Muslims as terrorists to the 4th grade class attended by Nancy Doe.

27.    Denied that Jane Doe received no responses to messages left for Maull, and denied that Defendant Dane Brandenberger ("Brandenberger") declined to meet with Jane Doe.  Admitted that Brandenberger did not respond to Jane Doe's September 16, 2003 letter to Brandenberger because the September 16, 2003 letter invited Brandenberger to "Please feel free to contact me with any questions you may have."  Brandenberger did not have any questions.

28.    See response to paragraph 27.

29.    Denied; except admitted that Cunningham regularly read stories to her class, and in December, 2003, Cunningham read the stories listed in Exhibit 1.  Among the stories or books listed in Exhibit 1 were materials from Cunningham's personal collection.

30.    Denied; except admitted that Cunningham read the stories listed in Exhibit 1.

31.    Denied that the stories read by Cunningham are accurately characterized as "teachings."  Admitted that Cunningham was aware that Nancy Doe was a follower of the Islamic faith.  The Defendants do not have sufficient information to affirm or deny the allegation that the stories read in December, 2003 caused confusion and mental distress to Nancy Doe leading to the feeling of being ostracized and a desire not to attend school.  By way of further

4

answer, Cunningham did not observe any evidence of Nancy Doe being confused or suffering mental distress in December, 2003.

32.    The Defendants assume "The anti-Muslim materials" refers to the book entitled "September 11, 2001." Denied that Cunningham used the September 11, 2001 book in her classroom subsequent to Cunningham's September 12, 2003 meeting with Jane Doe.

33.    Denied; except admitted that during a meeting on January 22, 2004 between Jane Doe, Maull, Cunningham, and Drewry Fennell, the subject of moving Nancy Doe to another classroom was discussed, and Maull and Cunningham indicated Nancy Doe could move to another classroom if doing so would make her feel more comfortable.

34.    Denied; except admitted that during the January 22, 2004 meeting Jane Doe suggested that Nancy Doe make a presentation explaining the Muslim religion to the classroom. By way of further answer, the reference to "opening a can of worms" refers to Jane Doe's request that Maull go to every 4th grade classroom at Shields Elementary School to tell each classroom that it was not Nancy Doe's fault that Cunningham was absent from school in February, 2004.

35.    Admitted.

36.    Denied; except admitted that Nancy Doe had her head down on her desk, and that Cunningham approached Nancy Doe and asked if she needed to go to the nurse. When Nancy Doe indicated that she was thinking about what Cunningham read, Cunningham responded by stating that she felt badly about Nancy Doe being upset, and inquired whether Nancy Doe would feel better if she was in another classroom. Nancy Doe responded by indicating she did not want to move to another classroom. This conversation was whispered, and Cunningham does not believe any other student heard any portion of the conversation. There

were no subsequent conversations between Cunningham and Nancy Doe on this issue. Cunningham never heard other children in the classroom taunt Nancy Doe with "get lost", "we don't want you here", or "no loser Muslims allowed."

37.    Denied; except admitted Maull made a comment about the difficulty of changing community attitudes.

38.    Denied that during the first week of February, 2004, Cunningham began a course of ostracism of Nancy Doe. The Defendants do not have sufficient information to affirm or deny allegations that 4th grade students in Cunningham's class begin to harass Nancy Doe telling her that "Mrs. Cunningham told you leave – no loser Muslims allowed." The Defendants are without sufficient information to affirm or deny why Nancy Doe did not attend school on January 30, 2004. Denied that on January 30, 2004, Cunningham informed her class that Nancy Doe had transferred to another classroom.

39.    Denied; except admitted that Drewry Fennell of the ACLU provided Maull with information from the National Parent Teacher Association and the Department of Education concerning holiday celebrations and other issues, that Jane Doe provided the Defendants with information concerning the Islamic religion in September, 2003, and that during the January 22, 2004 meeting Jane Doe suggested that Nancy Doe make a presentation explaining the Muslim religion to the classroom. Denied that all such requests were ignored.

40.    Denied; except admitted that a male first grade student committed the act described in paragraph 40, that Susan Doe complained about the act, and that Jane Doe contacted one or more Defendants to inform them of Susan Doe's complaint.

41.    Denied.

42.    Denied; except admitted that on February 13, 2004 Jane Doe and Lori Phillips met with Brandenberger, Janice Hanwell, Bob Fulton, David Williams and that Brandenberger stated that the book entitled "September 11, 2001" was not, in his view, inappropriate.

43.    Denied; except admitted that on February 19, 2004 Brandenberger, Mrs. Hocker, and Heidi ("Quillen") met with Jane Doe, Susan Doe and Nancy Doe, and there were allegations of harassment by classmates.

44.    Denied; except admitted that on February 19, 2004, Brandenberger and Fulton Spoke to Jane Doe on the telephone.  Fulton provided Jane Doe with a report on the investigation he conducted relating to Susan Doe's allegations, and Fulton told Jane Doe that the allegation that Susan Doe had been punched in the face was not supported by the witnesses.  By way of further answer, on February 19, 2004, Brandenberger, in the presence of Jane Doe, asked Susan Doe whether she was punched in the face.  On that occasion, Susan Doe initially responded no.

45.    Denied; except admitted that Jane Doe entered the recess area at Shields Elementary School ("Shields") without authorization to do so, interrogated first grade teachers and first grade students, and that Maull asked Jane Doe to come into Maull's office, but Jane Doe refused to do so.  When Jane Doe insisted upon going to talk to the nurse, Maull followed her and attempted to engage in Jane Doe in a discussion, but Jane Doe kept saying "Oh, so you're trying to throw me out."

46.    Denied; except admitted there was a discussion including Jane Doe, Nancy Doe, Maull, and Quillen during which there was consensus that Nancy Doe should be transferred to the classroom of Battaglini.

47.    The Defendants are without sufficient information to affirm or deny the allegations of paragraph 47.

48.    The Defendants are without sufficient information to affirm or deny the allegations of paragraph 48.  By way of further answer, it is not clear what "specific complaints" the Plaintiffs are referring to, nor the Defendants have an understanding as to the identity of the "specific student" or "personnel of Defendant's school."

49.    The Defendants are without sufficient information to affirm or deny the allegations of paragraph 49.

50.    The Defendants are without sufficient information to affirm or deny the allegation Nancy Doe began private therapy on March 8, 2004, nor do the Defendants have sufficient information to affirm or deny the reasons for any such therapy.

51.    The Defendants are without sufficient information to affirm or deny the allegations of paragraph 51.

52.    The Defendants are without sufficient information to affirm or deny the allegations of paragraph 52.

53.    Denied; except admitted Maull sent Jane Doe a letter dated March 30, 2004, and that the March 30, 2004 letter speaks for itself.

54.    Denied; except admitted that Nancy Doe's request that Cunningham apologize to her class was rejected.

55.    Denied; except admitted that on February 20, 2003 Jane Doe interrogated first grade teachers and first grade students without permission, that Maull requested that she not do so, that Jane Doe declined to enter into a discuss without Maull, and that Maull stated that she did not want to call the school resource officer.

56.     The Defendants are without sufficient information to affirm or deny the allegations of paragraph 56.

57.     The Defendants are without sufficient information to affirm or deny the allegation that Nancy Doe's physician prescribed homebound instruction specifying that Nancy Doe was suffering from severe depression, anxiety, and panic attacks brought on by her school environment.  The balance of the allegations of paragraph 57 are denied; except admitted that Nancy Doe was provided homebound instruction.

58.     Denied; except admitted that during May of 2004 Nancy Doe began receiving homebound instruction, and that the homebound instruction included reading "The Diary of Anne Frank."

59.     Denied; except admitted that Jane Doe failed to bring Nancy Doe to 3 of the first 6 homebound lessons.

60.     Denied; except admitted that the homebound instructor observed that the instruction did not go well at times when Jane Doe insisted upon sitting in close proximity to Nancy Doe during the instruction.

61.     Denied; except admitted that a new homebound instructor for Nancy Doe was approved in late May, 2004, that Nancy Doe receiving the standard amount of homebound instruction, and that the District informed the homebound instructor to extend the instruction for as long as the homebound instructor deemed necessary.

62.     Denied; except admitted one or more of Defendants authorized the standard amount of homebound instruction in early June, 2004.

63.     Denied; except admitted that the District send Jane Doe a letter asking her to contact District officials for the purpose of making arrangements for her children to attend

school during the 2004-2005 school year, and that Jane Doe did not respond to this communication.

64.    The Defendants are without sufficient information to affirm or deny the allegations of Paragraph 64.

## COUNT I

### (Equal Protection)

65.    The Defendants incorporate by reference the responses to paragraphs 1 through 64.

66.    Denied that the Defendants acted with deliberate indifference to the consequences of their actions and inactions.  The balance of the allegations in paragraph 66 set forth legal conclusions as to which no responsive pleading is required.

67.    The allegations of paragraph 67 set forth legal conclusions as to which no responsive pleading is required.

68.    The allegations of paragraph 68 set forth legal conclusions as to which no responsive pleading is required.

69.    The allegations of paragraph 69 set forth legal conclusions as to which no responsive pleading is required.

70.    The allegations of paragraph 70 set forth legal conclusions as to which no responsive pleading is required.

## COUNT II

### (Due Process)

71.    The Defendants incorporate by reference the responses to paragraphs 1 through 70.

72.   Denied.

73.   The allegations of paragraph 73 set forth a legal conclusion as to which no responsive pleading is required.

## COUNT III

### (Retaliation for Exercise of Free Speech)

74.   The responses to paragraphs 1 through 73 are incorporated by reference.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   The allegations of paragraph 79 set forth legal conclusion as to which no responsive pleading is required.

## COUNT IV

### (State Created Danger)

80.   The responses to paragraphs 1 through 79 are incorporated by reference.

81.   Denied.

82.   Denied.

83.   The allegations of paragraph 83 set forth a legal conclusion as to which no responsive pleading is required.  By way of further answer, it is unclear who the Plaintiffs are referring to when they hear the word "students", and it is unclear who the Plaintiffs are referring to when they use the phrase "members of discrete class."

84.    Admitted the Defendants were state actors; denied that the mere fact that Defendants were state actors "created an opportunity for danger which would not have otherwise have existed."

85.    The allegations of paragraph 85 set forth legal conclusions as to which no responsive pleading is required.

## COUNT V

### (State Constitutional Protections)

86.    The responses to paragraphs 1 through 85 are incorporated by reference.

87.    Denied.

88.    The allegations of paragraph 88 set forth legal conclusions as to which no responsive pleading is required.

89.

## FIRST ADDITIONAL DEFENSE

90.    Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

91.    Plaintiffs' claims are barred, in whole or in part, because any damage to the Plaintiffs is not caused by Defendants.

## THIRD ADDITIONAL DEFENSE

92.    To the extent Plaintiffs have failed to mitigate their damages, their claims are barred, in whole or in part.

## FOURTH ADDITIONAL DEFENSE

93.    Plaintiffs' claims are barred by the common law statutory doctrine of official immunity.

## FIFTH ADDITIONAL DEFENSE

94.    To the extent Plaintiffs' claims arose out of the relevant time period, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, the Defendants request that judgment be entered in favor of the Defendants and against the Plaintiffs, and that Defendants be awarded costs and attorney's fees.

MORRIS, JAMES, HITCHENS & WILLIAMS LLP


David H. Williams (#616)
Jennifer L. Brierley (#4075)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900
dwilliams@morrisjames.com
jbrierley@morrisjames.com
Attorneys for Defendants


Dated:  September 12, 2005

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JANE DOE, as the Natural Guardian   )
of NANCY DOE, a Minor, MARY DOE,  )
a Minor, and SUSAN DOE, a Minor,    )
                                   )     C.A. No. 05-cv-00424 SLR
            Plaintiffs,     )
                                  )     Trial by Jury Demanded
     v.                    )
                                  )
CAPE HENLOPEN SCHOOL DISTRICT,  )
DANE BRANDENBERGER, JANET     )
MAULL, and CINDY CINNINGHAM,   )
                                  )
            Defendants.    )

## CERTIFICATE OF SERVICE

I, David H. Williams, hereby certify that on September 12, 2005, I electronically filed the attached **ANSWER OF DEFENDANTS TO THE COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

David H. Williams (#616) (dwilliams@morrisjames.com)
Jennifer L. Brierley (#4075) (jbrierley@morrisjames.com)
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/6848
Attorneys for Defendants

Dated: September 12, 2005

DHW/012725-0066/1281540/1