IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>        Plaintiffs,<br><br>   v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CINNINGHAM,<br><br>        Defendants. | C.A. No. 05-cv-00424 SLR<br><br>Trial by Jury Demanded |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CAPE HENLOPEN SCHOOL DISTRICT, )<br>DANE BRANDENBERGER, JANET )<br>MAULL, and CINDY CUNNINGHAM, )<br>)<br>Defendants. ) | C.A. No. 05-424 SLR<br><br>Trial by Jury Demanded |

**DEFENDANTS' FIRST SET OF INTERROGATORIES
DIRECTED TO THE PLAINTIFFS**

Defendants Cape Henlopen School District, Dane Brandenberger, Janet Maull, and Cindy Cunningham ("Defendants") by and through their attorneys, Morris, James, Hitchens & Williams LLP, hereby propound the following interrogatories upon Plaintiffs Jane Doe, as the natural guardian of Nancy Doe, a minor, Mary Doe, a minor, and Susan Doe, a minor ("Jane Doe") to be answered in writing and under oath within thirty (30) days of the date of service hereof in accordance with Rule 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

A. "Document" or "documents" means any written, recorded, filmed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile, E-mail, computer storage devices or any other media, including but not limited to memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeper entries, financial statements, tax returns, checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements, notebooks, handwritten notes,

applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records, and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts.

  B. The term "communication" means the transmission of any information, in any form, including but not limited to orally, in writing, by conduct, by gesture, by electronic or computerized transmission, whether communicated intentionally and/or knowingly or not, and specifically includes but is not limited to all conversations, meetings, telephone calls, tape recordings of telephone calls, facsimiles, letters, emails and writings of any kind.

  C. A request that you "describe in detail" or identify "the factual basis" of a matter means that you must describe that matter fully, by reference to underlying specific facts and specific times, places, people and actions.

  D. The term "identify" when used with reference to an individual person, business or other entity shall mean to state its full name (or if not known, provide sufficient description so that the person, business or other entity will be identifiable to the recipients of your answer), business affiliation, and last known business or home address and phone number.

  E. In answering the interrogatories, you must furnish all information that is available to you, including information in the possession of your attorneys, healthcare providers and/or any other person or entity subject to your direction or control. If, after exercising due diligence, you cannot answer an interrogatory in full, state that fact and answer to the extent possible.

F.  If you need additional space to respond to any interrogatory, you may attach additional pages as necessary, provided however that you must clearly identify the particular interrogatory to which the additional pages respond.

G.  If you claim any form of privilege or other protection from disclosure as a ground for withholding responsive information, set forth each and every fact or basis on which you claim a privilege with sufficient specificity to permit the court to make a determination as to whether the claim of privilege is valid.

H.  The interrogatories are continuing in nature and you have an affirmative obligation to promptly supplement your responses as required by any new or changed information. You must produce all responsive information and documents as soon as they become known or available to you, and in all events prior to trial of this action.

## INTERROGATORIES

1.  Identify each person from whom you have obtained or will obtain a written statement concerning the facts of this case.

    **ANSWER:**


2.  Identify each expert you have reason to believe you will call to testify at trial, and as to each such expert provide the information required by Rule 26(a)(3).

    **ANSWER:**


3.  Describe in detail the types and amounts of all damages you are seeking, setting forth the calculation of damages that you are seeking in this case, and detail the manner in which you calculated such damages.

**ANSWER:**

4. Identify each person whom you know or believe has knowledge or information concerning any allegations in your complaint, and for each such person, describe in detail the nature of his or her knowledge and information and state how you became aware of that person's knowledge.

**ANSWER:**

5. Identify every physician, chiropractor, psychologist, psychiatrist or other healthcare professional from whom Nancy Doe, Mary Doe, or Susan Day have sought or received counseling or medical treatment for any physical and/or emotional injury that you contend was caused by Defendants, and for each, state the individual's name, address, phone number, dates of treatment, nature of the treatment, and reasons for the treatment.

**ANSWER:**

6. For each health care provider identified in response to Interrogatory No. 5, describe in detail:

(a) The dates upon which Nancy Doe, Mary Doe, or Susan Doe began and ended treatment with the healthcare provider;

(b) The medical care provided including the name of any medication prescribed by the healthcare provider and the dates upon which Nancy Doe, Mary Doe or Susan Doe took such medication;

4

(c) Any restrictions placed upon Nancy Doe, Mary Doe, or Susan Doe by any healthcare provider.

**ANSWER:**

7. Describe each of the "celebrations" referred to in paragraph 14 of the Complaint identifying the date of each such celebration, and the nature of each such celebration.

**ANSWER:**

8. Identify the "parents of other children" referred to in paragraph 16 of the Complaint.

**ANSWER:**

9. Identify which Defendants "agreed to, consented to, acted in concert with, and/or approved of the community pressure directed toward Jane Doe," and describe the manner in which each such Defendant engaged in such activity.

**ANSWER:**

10. Identify the "numerous parents" referred to in paragraph 18 of the Complaint.

**ANSWER:**

11. Identify the "fourth grade students" referred to in paragraph 38 of the Complaint specifically describing the alleged harassing actions or statements of each such student.

**ANSWER:**

12. Identify the "members of Susan Doe's class" referred to in paragraph 41 of the Complaint.

**ANSWER:**

13. Identify the "former classmates" referred to in paragraph 47 of the Complaint.

**ANSWER:**

14. Describe the date and nature of the "specific complaints" referred to in paragraph 48 of the Complaint, and identify the "specific student" identified in paragraph 48 of the Complaint.

**ANSWER:**

15. Identify the "children of both her former class and her new class" who allegedly taunted Nancy Doe as alleged in paragraph 49 of the Complaint.

**ANSWER:**

16. Identify the "students" referred to in paragraph 51 of the Complaint.

**ANSWER:**

17. Identify the "classmates" referred to in paragraph 56 of the Complaint.

**ANSWER:**


18. Specify each date the assigned homebound instructor failed to appear for a scheduled lesson as alleged in paragraph 59 of the Complaint.

**ANSWER:**


19. Describe the date and nature of each attempted negotiation referred to in paragraph 63 of the Complaint, including the name of the Defendant parent attempted to negotiate with on each such occasion.

**ANSWER:**


                        MORRIS, JAMES, HITCHENS & WILLIAMS LLP

*/s/ David H. Williams*
David H. Williams (#616)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
Attorneys for Defendants

Dated: March 10, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CINNINGHAM,<br><br>Defendants. | C.A. No. 05-cv-00424 SLR<br><br>Trial by Jury Demanded |

## EXHIBIT B

LAW OFFICES
# ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
SHAUNA T. HAGAN
SAAGAR B. SHAH

(302) 472-4900
TELECOPIER (302) 472-4920

APR 1 2 2006

April 11, 2006

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

**HAND DELIVER**
David H. Williams, Esquire
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899

RE:   Doe v. Cape Henlopen Scholl District, et.al.

Dear David:

I am writing to confirm your kind agreement to let me have an additional three weeks in wish to answer your discovery. By my calculation, the answers to the discovery would be due on May 1, 2006.

Once again thank you for your consideration.

Yours very truly,

Gary W. Aber

GWA/mac

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-cv-00424 SLR |
| v. | ) ) | Trial by Jury Demanded |
| CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CINNINGHAM, | ) ) ) ) | |
| Defendants. | ) | |

**EXHIBIT C**

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

September 15, 2006

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

      RE:   <u>Jane Doe, et al. v. Cape Henlopen School District, et al.</u>

Dear Gary:

      As I understand it, your services were terminated. You informed me that Michael Malkiewicz would be entering an appearance for the Plaintiffs. When I contacted Michael Malkiewicz, however, he indicated that he would not be entering an appearance for the Plaintiffs.

      With the deadline for the completion of discovery rapidly approaching, I have no choice but to file a motion to compel answers to the Defendants' First Set of Interrogatories. Given the delay in receiving answers to the First Set of Interrogatories, we will also need an extension of the discovery cutoff date in order to complete discovery. If I do not hear from you by September 22, 2006, I will file such a motion.

      Sincerely,

      David H. Williams

DHW/jam
cc: Dr. George Stone

DHW/012725-0066/1459200/1

Dover (302) 678-8815      Broom Street (302) 655-2599      Newark (302) 368-4200

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CINNINGHAM,<br><br>Defendants. | C.A. No. 05-cv-00424 SLR<br><br>Trial by Jury Demanded |

# EXHIBIT D

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

David H. Williams
(302) 888-6900
dwilliams@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

October 5, 2006

**HAND DELIVERY**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899-1675

RE: <u>Jane Doe, et al. v. Cape Henlopen School District, et al.</u>

Dear Gary:

Now that we have a new Scheduling Order in place, and I am facing a January 22, 2007 discovery cut-off, I need answers to our First Set of Interrogatories which were filed on March 10, 2006. Answers to these Interrogatories are almost 6 months overdue. If I do not receive the Answers to Interrogatories by Wednesday, October 11, 2006, I have no alternative but to file a Motion to Compel.

Sincerely,

David H. Williams

DHW/jam

DHW/012725-0066/1466743/1

Dover (302) 678-8815         Broom Street (302) 655-2599         Newark (302) 368-4200