IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>        Plaintiffs,<br><br>    v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CUNNINGHAM,<br><br>        Defendants. | C.A. No. 05-cv-00424 SLR<br><br>Trial by Jury Demanded |

### DEFENDANT CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL AND CINDY CUNNINGHAM'S MOTION TO COMPEL

Defendant Cape Henlopen School District (the "District"), Dane Brandenberger, Janet Maull and Cindy Cunningham (collectively, the "Defendants") respectfully move this Court pursuant to Federal Rule of Civil Procedure 37, for an Order compelling plaintiffs Jane Doe, Nancy Doe, Mary Doe and Susan Doe (collectively, the "Plaintiffs") to provide complete and verified responses to Defendants' First Set of Interrogatories Directed to the Plaintiffs (the "Interrogatories"). In support of this Motion, the Defendants state as follows:

1.    Plaintiffs filed the Complaint in this action on June 23, 2005, seeking, among other things, injunctive relief and damages arising from alleged equal protection and due process violations, retaliation for exercise of free speech, state created danger, and violations of the Delaware State Constitution.

2.      On March 10, 2006, the Defendants filed and served upon Plaintiffs the Interrogatories (attached hereto as Exhibit A) the response to which was originally due thirty days later, pursuant to Rule 33(b)(3). Consequently, the response to the Interrogatories was due on April 11, 2006. Thereafter, by an agreed-to extension, the answers to the Interrogatories were due on May 1, 2006.

3.      On November 2, 2006, Plaintiffs filed Plaintiffs' Answers to Defendants' First Set of Interrogatories (the "Answers to Interrogatories"). (See Answers to Interrogatories, attached hereto as Exhibit B).

4.      The Answers to Interrogatories are not under oath as required by Rule 33(b)(1). Plaintiffs also fail to fully and completely respond to the Interrogatories.

5.      Plaintiffs fail to fully and completely respond to Interrogatory No. 3, which provides as follows:

> Describe in detail the types and amounts of all damages you are seeking, setting forth the calculation of damages that you are seeking in this case, and detail the manner in which you calculated such damages.

Plaintiffs' respond to Interrogatory No. 3 as follows:

> Plaintiffs seek compensatory damages for the pain and suffering the children have endured as a result of these actions, as well as past and future medical expenses. Plaintiff's [sic] also seek injunctive relief, attorneys fees and all costs of this litigation.

Plaintiffs do not describe the amount of damages they are seeking, nor do they describe the calculation of damages they are seeking. Lastly, they do not detail the manner in which they calculate such damages. Plaintiffs therefore fail to comply with Rule 33(b)(1)'s requirement that interrogatories be answered fully. *See* F.R.C.P. 33.

6.  Plaintiffs fail to fully and completely respond to Interrogatory No. 5, which provides as follows:

> Identify every physician, chiropractor, psychologist, psychiatrist or other healthcare professional from whom Nancy Doe, Mary Doe, or Susan Doe have sought or received counseling or medical treatment for any physical and/or emotional injury that you contend was caused by Defendants, and for each, state the individual's name, address, phone number, dates of treatment, nature of the treatment, and reasons for the treatment.

Plaintiffs fail to provide the addresses and phone numbers of the physicians listed in answer to Interrogatory No. 5. Furthermore, because the answer to Interrogatory No. 5 is incomplete, Defendants do not have information as to which of the Plaintiffs were treated by the healthcare professionals listed in the answer to Interrogatory No. 5.

7.  Plaintiffs fail to fully and completely respond to Interrogatories Nos. 11, 12, 13, 15 and 17. The answers to each the interrogatories are incomplete in that there are blanks in each response.

8.  By letter dated November 14, 2006, Defendants' counsel identified the aforementioned deficiencies to Plaintiffs' counsel. (See letter from David H. Williams to Gary W. Aber dated November 14, 2006, attached hereto as Exhibit C). To date, the Answers to Interrogatories remain incomplete and there has been no response to the November 14, 2006 letter.

9.  Also by letter dated November 14, 2006, Defendants' counsel requested from Plaintiffs' counsel the dates of birth of the Plaintiffs for purposes of preparing authorizations to release health information. To date, this information has not been

received. Without proper authorizations to release health information, Defendants cannot conduct third-party discovery upon Plaintiffs' healthcare providers.

10.   The discovery cut-off in this case is January 22, 2007.

WHEREFORE, Defendants respectfully request that this Court enter an order, in substantially the form attached, directing Plaintiffs to (i) respond fully and completely to the outstanding Interrogatories under oath, and (ii) provide each of the Plaintiffs' dates of birth.

MORRIS JAMES LLP

*/s/ David H. Williams*
David H. Williams (#616)
James H. McMackin, III (#4284)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899
dwilliams@morrisjames.com
jmcmackin@morrisjames.com
(302) 888-6900/5849
Attorneys for Defendants

Dated: December 19, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CUNNINGHAM,<br><br>Defendants. | C.A. No. 05-424 SLR<br><br>Trial by Jury Demanded |

**CERTIFICATE OF ELECTRONIC FILING**

I, David H. Williams, hereby certify that on December 19, 2006, I electronically filed the attached **DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL AND CINDY CUNNINGHAM'S MOTION TO COMPEL** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

    Gary W. Aber, Esquire
    Aber, Goldlust, Baker & Over
    702 King Street, Suite 600
    Wilmington, DE 19899

    MORRIS JAMES LLP

    /s/ David H. Williams
    David H. Williams (#616)
    James H. McMackin, III (#4284)
    500 Delaware Avenue, Suite 1500
    P.O. Box 2306
    Wilmington, DE 19899
    (302) 888-6900/5849
    dwilliams@morrisjames.com
    jmcmackin@morrisjames.com

Dated: December 19, 2006    Attorneys for Defendants

DHW/012725-0066/1347232/1