IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>        Plaintiffs,<br><br>v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CUNNINGHAM,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 05-cv-00424 SLR<br>)<br>)   Trial by Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL AND CINDY CUNNINGHAM'S
## MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, IIII (#4284)
jmcmackin@morrisjames.com
Allyson B. James (#4830)
ajames@morrisjames.com
MORRIS JAMES LLP
500 Delaware Ave
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6900
Facsimile: (302) 571-1750
*Attorneys for Defendants*

Dated: February 28, 2008

Defendants Cape Henlopen School District, Dane Brandenberger, Janet Maull, and Cindy Cunningham ("Defendants"), respectfully move this Court pursuant to Federal Rule of Civil Procedure 35 ("Rule 35"), for an order compelling plaintiff Nancy Doe to submit to an Independent Medical Evaluation ("IME") for the reasons set forth below.

## I.  INTRODUCTION

Plaintiffs Nancy, Mary and Susan Doe allege, through their natural guardian Jane Doe ("Plaintiffs") filed the Complaint in this action on June 23, 2005, seeking, among other things, injunctive relief and damages arising from alleged equal protection and due process violations, retaliation for exercise of free speech, state created danger, and violations of the Delaware State Constitution.  The allegations involve alleged events which occurred during the 2000-01, 2001-02, 2002-03, and 2003-04 school years.

Pursuant to Rule 35, Defendants respectfully request the Court to compel Nancy Doe to submit to an IME.  Furthermore, Defendants request that the Court refuse to restrict Defendants' IME, as requested by Plaintiffs.  Defendants should not be required to provide Plaintiffs with questions and details about the evaluations beforehand, as it would taint the independent nature of the examination.  Defendants have provided Plaintiffs with sufficient information (i.e. the location, time frame, and the name of the physician who will be conducting the evaluation (Joseph R. Novello, M.D.), scope of the examination, etc.).  Accordingly, this Court should compel Plaintiffs to submit Nancy Doe for an IME.

## II.  FACTS

Defendants have requested an IME of Nancy Doe to evaluate her mental status in preparation for trial.  Because Plaintiffs have alleged pain and suffering and emotional distress with respect to Nancy Doe, they have placed Nancy Doe's mental status directly

into issue in this case. Defendants have corresponded and requested an IME numerous times, and Plaintiffs have been evasive and have failed to schedule an IME. Specifically, Defendants have corresponded with Plaintiffs either by telephone, email or letter since July 2007 regarding the scheduling of an IME for Nancy Doe. Plaintiffs' counsel was contacted on the following dates: 7/31/07, 8/9/07, 10/2/07, 10/8/07, 10/14/07, 10/16/07, 10/26/07, 11/7/07, 11/19/07, 11/19/07, 12/7/07 and 1/31/07. Defendants have proposed various dates for the IME, and Plaintiffs have failed to schedule a date. Defendants have provided Plaintiffs with the address of Dr. Novello's office. Defendants have explained that the examination will be conducted from 10:00 a.m. to 5:00 p.m., including a break for lunch. They have told Plaintiffs that there are places to eat lunch located within the same building. They have also explained to Plaintiffs that the scope of the examination will be some testing, evaluations, and meetings with Nancy Doe and her mother, together and separately. Additionally, Defendants offered to reimburse Plaintiffs for mileage and parking if Plaintiffs travel to Dr. Novello's office in Washington, D.C.

Despite Defendants' efforts to schedule the IME, Plaintiffs have avoided Defendants' various attempts and failed to select a date. Furthermore, Plaintiffs, through a letter from Plaintiffs' counsel, have requested restrictions, in the event that the IME takes place, such as, providing Plaintiffs with the physician's questions and additional details about evaluations to be performed in advance of the examination. Defendants responded to Plaintiffs' letter regarding the proposed restrictions citing case law that does not support such conditions. Defendants have informed Plaintiffs that they would be filing the present motion if Plaintiffs did not schedule the IME. As a last resort, Defendants have filed the present motion.

III. **ARGUMENT**

A. **THE COURT SHOULD COMPEL NANCY DOE TO SUMBIT TO AN IME SOUGHT BY DEFENDANTS PURSUANT TO RULE 35**

Pursuant to Federal Rules of Civil Procedures 26(a)(5), parties may obtain discovery by "physical and mental examinations." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605 (C.D. Cal. 1995). Rule 35 provides the requirements for obtaining discovery by a physical or mental examination:

> (a) When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. F.R.C.P. 35 (a)

The Court, in *Ragge*, explained:

> One of the purposes of Rule 35 is to "level the playing field" between parties in cases in which a party's physical or mental condition is in issue. "[G]ranting a request for a psychiatric examination pursuant to Rule 35 is to preserve [ ] the equal footing of the parties to evaluate the plaintiff's mental state...." A plaintiff has ample opportunity for psychiatric or mental examination by his/her own practitioner or forensic expert. "Only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied." (citations omitted). 165 F.R.D. at 608.

The moving party must show that the physical or mental condition of the party must be "in controversy" and that there is "good cause" for the examination to obtain a physical or mental examination under Rule 35. *Id.* (*citing Schlagenhauf v. Holder*, 379 U.S. 104, 117-20 (1964)). In *Schlagenhauf,* the United States Supreme Court grouped the "in controversy" and "good cause" requirements together and explained the need for an IME in a negligence context: "a plaintiff in a negligence action who asserts mental or

3

physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such injury." 379 U.S. 104, 119 (1964). However, the right to examine a plaintiff claiming a mental injury is not limited to a negligence case. *See, e.g., Ziemann v. Burlington County Bridge Comm'n,* 155 F.R.D. 497 (D. NJ 1994) (permitting examination of the plaintiff in a sexual harassment case); *Galieti v. State Farm Mut. Auto Ins. Co.,* 154 F.R.D. 262 (D. Colo. 1994).

In the present case, Nancy Doe's mental condition has been placed "in controversy" by Plaintiffs' complaint and there is "good cause" for Defendants to conduct an IME. Plaintiffs allege that the actions of Defendants "caused confusion and mental distress to [Nancy Doe] leading to feeling of being ostracized, and a desire not to attend school" (Compl. ¶ 31); "Nancy Doe had become so depressed and so upset that she was unable to attend school" (Compl. ¶ 49); "Nancy Doe began private therapy on March 8, 2004" (Compl. ¶ 50); "Nancy Doe lost all desire to attend school and became fearful for her well being" (Compl. ¶ 52); Nancy Doe "became so distressed and upset that she could not attend school" (Compl. ¶ 56); "Nancy Doe's physician prescribed homebound instruction [because she was] suffering from sever depression, anxiety, and panic attacks brought on by her school involvement" (Compl. ¶ 57); and Plaintiffs have suffered "emotional ostracism" (Compl. ¶ 77). Plaintiffs have also requested "compensatory damages to compensate the plaintiffs for the pain, suffering and consequential damages." (Compl. ¶ e). Additionally, Plaintiffs have sent Defendants Dr. Kaye's report, which assesses Nancy Doe's mental condition.

It is clear that Nancy Doe's mental state is "in controversy," and there are sufficient grounds to establish "good cause" to compel a mental examination of Nancy Doe. The IME could elicit facts that are relevant to the Defendants' case. Without the IME, Defendants will not be able to present any expert testimony on this issue, and as a result, the Defendants will be prejudiced by Plaintiffs' failure to present Nancy Doe for an IME. Therefore, Nancy Doe should be compelled to submit to Defendants' IME.

Furthermore, in determining whether to permit particular testing, Delaware courts have considered the following: (1) the nature and seriousness of the proposed test, (2) the significance of the test results to the claim or defense, (3) the availability of the same or equivalent information from other sources, (4) the possibility of harm to plaintiff, and (5) precautionary measures to be taken. *See Cocco v. A.C. & S. Co., Inc.* 1990 WL 251405 *1 (Del. Super. Ct.)[1] *citing* 8A Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice & Procedure, §2234 (2007) (Delaware Rule 35(a) mirrors the language of the federal rule).

In this case, the psychiatric evaluation contemplated is relatively simple and requires Nancy Doe to do nothing more than attend an evaluation and testing that is likely to be substantially similar to the evaluation and testing conducted by Dr. Kaye.

---

[1] Unreported cases are attached in the order in which they appear.

B. **DEFENDANTS' IME SHOULD NOT BE UNNECESSARILY RESTRICTED; DEFENDANTS SHOULD NOT BE REQUIRED TO PROVIDE PLAINTIFFS WITH EXAMINER'S QUESTIONS AND DETAILS ABOUT EVALUATIONS TO BE PERFORMED AT THE IME IN ADVANCE**

Through correspondence, Plaintiffs' counsel has requested certain restrictions to be implemented in the event that the IME of Nancy Doe takes place.[2] First, Plaintiffs request that Defendants' examiner disclose in advance to Plaintiffs' counsel the questions that he will be asking Nancy Doe during the examination. Additionally, Plaintiffs would like detailed information regarding evaluations and tests that will be administered during the examination.

There have been several cases dealing with requests for limitations and restrictions in the context of mental and physical examinations under Rule 35. In *Ragge*, the plaintiff requested in advance the psychiatric examiner's specific tests to be administered during the evaluation, and the Court refused plaintiff's request. 165 F.R.D. 605. The Court stated: "It would serve no purpose to require [the doctor] to select, and disclose, the specific tests to be administered in advance of the examination. A detailed report of the mental examination, including the tests administered, will be provided to plaintiff under [Federal Rules of Civil Procedure] 35(b)." *Id.* at 609. The Court reasoned that the

> mental examination provides one of the few opportunities for a defendant to have access to a plaintiff, and the only opportunity for a defendant to have a plaintiff examined by a defendant's expert[; therefore] some preferences should be given to allowing the examiner to exercise discretion in a manner and means by which the examination is conducted, provided it is not an improper examination. *Id.*

---

[2] Plaintiff must demonstrate good cause for any condition requested pursuant to Federal Rules of Civil Procedure 26 (c). The court will otherwise not impose it. *Hertenstein v. Kimberly Home Healthcare, Inc.*, 189 F.R.D. 620, 624 (D. Kan. 1999).

6

Similarly, in *Hertenstein v. Kimberly Home Health Care, Inc.,* the Court refused the "sensitive" plaintiff's request that the defendant's psychiatrist disclose before the mental examination the nature of the questions and tests to be administered. 189 F.R.D. 620. The Court explained that "[p]rior disclosure of questions to be asked "is unworkable." *Id.* at 626 (*citing Tomlin v. Holecek,* 150 F.R.D. 628, 631 n. 1 (D. Minn. 1993)). "An examiner cannot reasonably determine all questions beforehand, including follow-up questions." *Id. (citing See Romano v. II Morrow, Inc.,* 173 F.R.D. 271, 273 (D. Or. 1997) (addressing the issue in the context of a physical examination)). The Court held that the "Plaintiff has shown no good cause, furthermore, for prior disclosure of questions or tests." *Id.*

In *Leal v. Siegel,* the Court ordered the plaintiff to submit to a physical examination over plaintiff's objection that the exam was not sufficiently described. 2006 WL 2263905 (N.D. Cal. 2006). The Court reasoned that "[i]t would be impossible to specify in advance exactly what will occur at such exam." *Id.* at *1. The Court was satisfied that the physician would "use his professional discretion in a reasonable and humane fashion." *Id.*

The Court in *Romano,* refused to limit the physician's questions during the physical examination of the plaintiff. The Court explained its reasoning:

> To restrict a physician from questioning a patient during a physical examination unduly restricts the physician's ability to obtain the information necessary to reach medical conclusions. The questioning of the plaintiffs by defense counsel during the taking of their depositions, the historical medical records, and the answers of the plaintiffs to interrogatories are no substitute for the answers to questions that a physician must pose to a patient during a physical examination. All of the questions that a medical doctor needs to ask, in particular the follow-up questions, cannot be determined in advance of the medical examination . . . . [The physician] may ask any questions necessary to conduct the examinations and to formulate opinions as to the

medical conditions of the plaintiffs and the causes of their physical abnormalities. 173 F.R.D. at 273.[3]

In *Tomlin*, plaintiff suggested that defendants should provide her attorney with the questions of the examination beforehand. The Court denied plaintiff's request because it was "unworkable."[4] 150 F.R.D. at 631 n.1. The Court explained the rationale of Rule 35: "[W]e interpret Rule 35 as a forthright attempt to provide a 'level playing field' between the parties in their respective efforts to appraise the Plaintiff's psychological state."[5] *Id.*

Furthermore, Courts consistently rejected the argument that potential "harm" to a plaintiff is grounds to avoid or place conditions upon a mental evaluation. In *Ziemann v. Burlington County Bridge Commission*, the Court was faced with this issue:

> While the Court is loath to subject plaintiff to unnecessary examination, it must be noted that Ziemann, as the plaintiff in this matter, cannot be permitted to avoid her discovery responsibilities . . . .Plaintiff's apparent difficulty with the adversary process cannot form the basis for precluding the defense from appropriate discovery. 155 F.R.D. 497 (D. N.J. 1994).

Similarly, in *Doe v. District of Columbia*, the Court ordered a minor plaintiff to submit to a mental evaluation over the guardian's objection that the minor already allegedly suffered severe abuse and should be spared further evaluation. 229 F.R.D. 24 (D. DC 2005). The Court stated that the "plaintiff has voluntarily brought this lawsuit and placed his mental

---

[3] The Court also did not permit third parties to be present during the examination. *Id.* at 274. *See also Bethel v. Dixie Homecrafters, Inc.* 192 F.R.D. 320, 325 (N.D. Ga. 2000) (where the plaintiff attempted to condition an examination demanding her attorney to be present through the examination. The Court denied this demand.

[4] The Court also did not permit third parties to be present during the IME of the Plaintiff reasoning that "the presence of third parties would lend a degree of artificiality to the interview technique which would be inconsistent with applicable, professional standards." *Id.* at 632.

[5] Plaintiffs' counsel has informed Defendants' counsel that *Rochen v. Huang* provides support for his position that questions and tests to be administered during the IME should be provides beforehand. *See* 558 A.2d 1108 (Del. Super. Ct. 1988). *Rochen* does not stand for this proposition.

8

and emotional state in controversy, and he has not made an independent showing that harm will result from submitting him to IME." *Id.* at 28.

In the present case, the Plaintiffs request that Dr. Novello provide them with questions and specific details regarding the evaluations in advance of the examination. These restrictions are not supported by case law and are not appropriate. Various Courts have held that requiring an examiner to give the questions or describe the evaluations beforehand is not feasible. Requiring Dr. Novello to give Plaintiffs this information in advance, would distort the *independence* of the IME; thus removing the "equal playing field" that is intended by Rule 35. Nancy Doe would be susceptible to coaching and preparation, which is not appropriate for an IME. Dr. Novello's examination is supposed to be a fair and independent assessment of Nancy Doe's purported condition. Defendants have provided Plaintiffs with the information that is required by Rule 35: the time, place, manner, conditions and scope of the examination and person who will be conducting the examination. The Plaintiff's proposed restrictions would not be proper in the present case; Defendants have provided Plaintiffs with sufficient information to move forward with scheduling the examination. Furthermore, Dr. Novello is an experienced and highly regarded psychiatrist who "will presumably use his professional discretion in a reasonable and humane fashion" while examining Nancy Doe. *Leal*, 2006 WL 2263905 at *1. Such is an additional basis why we believe disclosure in advance of his methodology, etc. is inappropriate.

## IV.    CONCLUSION

Pursuant to Rule 35, Plaintiff should be compelled to submit Nancy Doe for an IME. Plaintiffs have placed Nancy Doe's mental status "in controversy," and Defendants

have shown good cause for an IME.  Furthermore, case law does not support Plaintiffs' request for questions and details regarding the evaluations to be given to them in advance.  It would place Plaintiffs at an unfair disadvantage; thus, conflicting with the purpose of Rule 35 in keeping a "level playing field" among the parties.  Accordingly, Defendants motion should be granted in its entirety, and Plaintiffs should be compelled to submit Nancy Doe for an IME, with scheduling to take place as soon as possible.

 

/s/ Allyson B. James
_____
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
Allyson B. James (#4830)
ajames@morrisjames.com
MORRIS JAMES, LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900
(302) 571-1750 (fax)
*Attorneys for Defendants*

Dated:  February 28, 2008