IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-cv-00424 SLR |
| v. | ) ) ) | Trial by Jury Demanded |
| CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CUNNINGHAM, | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL AND CINDY CUNNINGHAM'S MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION**

Dated: March 25, 2008

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
Allyson B. James (#4830)
ajames@morrisjames.com
Morris James, LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/5849/5210
*Attorneys for Defendants*

Defendants Cape Henlopen School District (the "District"), Dane Brandenberger, Janet Maull and Cindy Cunningham (collectively, the "Defendants") submit their Reply Memorandum in further support of their motion to compel an independent mental examination. As Defendants demonstrated in its Opening Memorandum, an Order compelling plaintiff Nancy Doe to submit to an Independent Medical Examination is appropriate. The Plaintiffs' proposed restrictions set forth in their Answering Memorandum are inappropriate and unreasonable. Thus, Defendants' motion for an IME should be granted, and Plaintiffs' proposed restrictions should be denied.[1]

I. **DEFENDANTS' IME SHOULD NOT BE UNNECESSARILY RESTRICTED**

   1. **THE DEFENDANTS' IME SHOULD NOT BE RESTRICTED TO THREE HOURS**

The Court should reject the Plaintiffs' request to restrict the IME to no more than three hours. Such request is unreasonable in light of the circumstances of this case. Defendants agree that Nancy Doe may take reasonable breaks during the examination, as it is the standard procedure for any mental examination. It is impossible, however, for Defendants to be able to predict the number or duration of such breaks. Thus, Defendants cannot predict or control the amount of time Nancy Doe will take to complete the examination. During Defendants' one hour and forty minute deposition of Nancy Doe on December 10, 2007, Nancy Doe requested five breaks. (Plaintiffs' Memorandum p. 5.) If Nancy Doe requests breaks with a similar degree of frequency, it is unreasonable for Defendants to restrict the examination to three hours. Furthermore, the amount of time that Dr. Kraye required during his evaluation is irrelevant. It is likely that Nancy

---

[1] Defendants rely on Introduction and Facts from its Opening Memorandum.

Doe established a comfort level with Dr. Kraye: thus, it may have been less time consuming for Dr. Kraye to conduct his examination.

Defendants agree that Nancy Doe may take reasonable breaks during the examination. Defendants also agree that, if the examination continues for longer than a continuous three hour block of time, there will be a break for approximately one hour. Plaintiffs' request for a time limitation of three hours should be denied.

### 2. THE DEFENDANTS SHOULD NOT BE REQUIRED TO IDENTIFY TESTING IN ADVANCE

Plaintiffs request that Dr. Novello specify which tests will be administered to Nancy Doe during her IME. Plaintiffs cite *Pena v. Troup*, 163 F.R.D. 352 (D. Colo. 1995), where the Plaintiffs sought a protective order preventing Defendants from sedating their infant under anesthesia for an MRI. The present facts are distinguishable because the Defendants are not asking Nancy Doe to do anything more than submit to a mental examination, just as she did for Plaintiffs' expert, Dr. Kraye. The examination is likely to be similar to Dr. Kraye's; however, Dr. Novello cannot determine exactly which tests should be administered until he meets with Nancy Doe and makes an independent assessment of her mental status. Just as Dr. Kraye used his medical judgment in administering the tests he found appropriate, Dr. Novello will do the same.

Requiring Dr. Novello to identify the tests to be administered beforehand will jeopardize the validity of those tests and the independence of the examination. If Plaintiffs know which tests will be administered by Dr. Novello, they could coach Nancy Doe by looking at the questions and/or answers with Nancy Doe prior to the examination, thus undermining the independence of the examination. Dr. Novello has over 30 years experience in the practice of forensic psychiatry and is board certified in child/adolescent

psychiatry (Plaintiffs' Memorandum, at Exhibit 3.) Dr. Novello will utilize reasonable medical sensitivity in his professional judgment while examining Nancy Doe and will take into account Nancy Doe's mental state. The Plaintiffs' proposed request is unreasonable and could contaminate the overall independence of the mental examination. Therefore, the Court deny Plaintiffs' request to require Dr. Novello to identify the specific tests to be administered in advance.

### 3. DR. KRAYE, MEDICAL PERSONNEL AND/OR JANE DOE SHOULD NOT BE PRESENT DURING NANCY DOE'S IME

Plaintiffs request that Jane Doe, Nancy's mother, medical personnel chosen by Nancy Doe, and/or Dr. Kraye present during Dr. Novello's examination. Such requests are unreasonable and inappropriate. Plaintiffs request that such individuals be permitted to "comment or interfere with the exam . . . for the purpose of insuring that [Nancy Doe] be given whatever breaks or recovery time during the examination[.]" (Plaintiffs' Memorandum, pg. 8.) The transcript of Nancy Doe's deposition makes it clear that she is capable of communicating when she is in need of a break, as she did so five different times by simply telling Defendants' counsel when she needed a break (*Id.* at Exhibit 1.) As Plaintiffs note, Defense counsel permitted Nancy Doe to take breaks at her request (*Id.* at p. 8, n. 7.) Therefore, there is no need for Jane Doe, medical personnel, and/or Dr. Kraye to be present to request breaks on behalf of Nancy Doe.

Furthermore, Jane Doe should not be present during the IME because if she is, there is a strong likelihood that Nancy Doe will not be candid with Dr. Novello concerning issues regarding her mother and/or other family issues. Jane Doe's influence by merely being present during the IME will jeopardize the independence and validity of the examination. Although Plaintiffs have stated that Jane Doe would be silent during the

IME, her mere presence in the room is sufficient to potentially intimidate Nancy Doe and compromise the validity of the examination. If Jane Doe is present in the examination room, Mother and Nancy Doe will have the ability to communicate non-verbally by using body language and eye-contact. Jane Doe's presence in the examination room is inappropriate and unreasonable and would disrupt the independence of the examination.

Plaintiffs rely on *Rochen v. Huang*, 558 A.2d 1108 (Del. Super. Ct. 1988), in support of their request to have medical personnel and/or Dr. Kraye present during the examination. The Plaintiffs in *Rochen* alleged sexual abuse by their male physician, and they argued that it would be further traumatizing for them to be subjected to interrogation by another male physician. The Court took the nature of their allegation into consideration when it permitted Plaintiffs to have their physician present during examinations. The present case is distinguishable. The nature of the present case is not one in which Nancy Doe would have some reason to fear meetings with a psychiatrist. She will be undergoing a mental examination, just as she did with Dr. Kraye. Therefore, the nature of the case does not suggest that Nancy Doe would have a need for her physician or other medical personnel present during her examination.

The Court in *Tomlin*, noted that "the presence of a third person, physically or by tape-recording, is inimical to the conduct of a valid psychiatric examination . . . . [P]sychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient." *Tomlin v. Holecek*, 150 F.R.D. 628 (D. Minn. 1993) (*citing Cline v. Firestone Tire & Rubber Co.,* 118 F.R.D. 588, 589 (S.D.W.Va.1988); *Durst v. Superior Court for Los Angeles County*, 222 Cal. App. 2d 447, 452-53, (Cal. App. 1964); *Brandenburg v. El Al Israel Airlines,* 79 F.R.D. 543, 544 (S.D.N.Y. 1978); *Swift v. Swift,*

64 F.R.D. 440, 443 (E.D.N.Y. 1974)). "Given the apparent sensitivity of the subject matter which may well be explored in this interview, the need for a private and personal interchange, between the Plaintiff and [the physician] would seem self-obvious." *Tomlin*, 150 F.R.D. at 632. The Court noted that the "presence of third parties would lend a degree of artificiality to the interview technique which would be inconsistent with applicable, professional standards." *Id.*; *see also Holland v. United States*, 182 F.R.D. 493 (D.S.C. 1998) (where the Court denied Plaintiff's request for a third party's presence during a physical examination).

Here, Defendants similarly have a need for a private and personal exchange between Nancy Doe and Dr. Novello in order for him to explore her mental status. Dr. Novello is willing to speak with Dr. Kraye before the exam to learn about Nancy Doe's particular sensitivities and to consider that information in conducting his examination. The Court should deny Plaintiffs' request to have Jane Doe, Dr. Kaye and/or medical personnel present during the IME of Nancy Doe.

### 4. THE EVALUATION SHOULD TAKE PLACE AT DR. NOVELLO'S OFFICE

Plaintiff requests that the IME take place in Dr. Kaye's office, rather than Dr. Novello's office. Defendants have made efforts in the past to accommodate Plaintiffs' requests. Defendants' counsel conducted Nancy Doe's deposition at a Church in Rehoboth Beach, as requested by Plaintiff's because it was a more comfortable setting. It is standard procedure for Dr. Novello, however, to conduct examinations in his office. Defendants have offered to reimburse Plaintiffs for mileage. Dr. Novello should not be inconvenienced and Defendants should not have to bear the additional expense of having

5

Dr. Novello travel to Delaware for the IME. Therefore, the Court should deny Plaintiffs' request.

## II. CONCLUSION

Dr. Novello is an experienced psychiatrist and will conduct a competent and credible examination of Nancy Doe. Dr. Novello should not be unnecessarily restricted in his IME of Nancy Doe. Plaintiffs proposed restrictions are inappropriate and unreasonable. If imposed, such restrictions will jeopardize the independence of the examination, thus placing Defendants at an unfair disadvantage. Plaintiffs filed this suit and requested damages for mental distress; therefore, they placed Nancy Doe's mental status "in controversy." Defendants are entitled to defend against such a claim. Defendants have a strong interest in determining the cause of Nancy Doe's alleged mental distress, and should not be unnecessarily restricted. Accordingly, Defendants' motion should be granted in its entirety without restriction. Plaintiffs should be compelled to submit Nancy Doe for an IME, with scheduling to take place as soon as possible.

*/s/ Allyson B. James*
David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
Allyson B. James (#4830)
ajames@morrisjames.com
MORRIS JAMES, LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
(302) 571-1750 (fax)
Attorneys for Defendants

Dated: March 25, 2008

1718432/1