IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANE DOE, as the Natural Guardian of NANCY DOE, a Minor, MARY DOE, a Minor, and SUSAN DOE, a Minor,<br><br>      Plaintiffs,<br><br>v.<br><br>CAPE HENLOPEN SCHOOL DISTRICT, DANE BRANDENBERGER, JANET MAULL, and CINDY CUNNINGHAM,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 05-424-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of April, 2009, having reviewed defendants' motion for relief from judgment pursuant to Federal Rule Civ. P. 60(b)(6);

IT IS ORDERED that the motion (D.I. 72) is granted in part and denied in part for the reasons that follow:

1. **Introduction.** On June 23, 2005, plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 1) Plaintiffs allege violations of due process and equal protection under the Fourteenth Amendment, as well as a violation of the First Amendment Free Exercise Clause and of Article 1 Section 1 of the Delaware State Constitution. (*Id.*) Plaintiffs claim that defendants created an environment that promoted Christian beliefs while denigrating and preventing discussion of plaintiffs' Muslim beliefs. (*Id.*) As a result of defendants' actions, plaintiffs allege that plaintiff Nancy Doe has suffered psychological trauma including Post Traumatic Stress Disorder

("PTSD"). (D.I. 65, ex 1) Currently before the court is defendants' motion to vacate the court's order to compel the Independent Medical Examination ("IME") of Nancy Doe with the provision that plaintiffs' expert, Neil S. Kaye, M.D. ("Dr. Kaye"), be permitted to observe the examination. (D.I. 67)

2. **Background.** On February 23, 2007, plaintiff Nancy Doe was evaluated by plaintiffs' psychiatric expert, Dr. Kaye. (D.I. 65, ex 1 at 1) As part of Dr. Kaye's evaluation process, Dr. Kaye conducted a 90 minute interview of Nancy Doe, reviewed records and notes of other doctors and a licensed social worker who had evaluated Nancy Doe, spoke with Nancy Doe's mother, and reviewed the complaint filed in this case. (*Id.*) On April 17, 2007, Dr. Kaye issued a report in which he concluded that Nancy Doe was suffering from PTSD. (*Id.* at 10) Dr. Kaye also observed that Nancy Doe was suffering symptoms of depression and anxiety associated with PTSD. (*Id.*) Dr. Kaye attributed these problems to the environment and events Nancy Doe experienced while she was in defendant Cunningham's fourth grade class in Cape Henlopen School District. (*Id.*) In reaching this position, Dr. Kaye concluded that the failure of the school to separate church and state and foster a nurturing environment of tolerance and inclusiveness resulted in Nancy Doe dissociating from her religious beliefs and feeling unwanted, unworthy, and isolated. (*Id.* at 10-11) In his report, Dr. Kaye concludes that there is a "degree of permanency [to his] diagnosis" and that Nancy Doe's "need for medication and therapy is clear, present, and will be ongoing throughout her life." (*Id.* at 11) Dr. Kaye goes on to outline a course of treatment and the expected costs of that treatment. (*Id.*)

2

3. On February 28, 2008, after the two parties were unable to come to terms on their own, defendants filed a motion to compel Nancy Doe to undergo an IME. (D.I. 62) Defendants obtained Forensic Psychiatrist Joseph R. Novello, M.D. ("Dr. Novello") to serve as their expert and perform the IME. (D.I. 63 at 1) Defendants, in their brief in support of their motion to compel, indicated that they expected the examination to last from 10:00 a.m. till 5:00 p.m., with a break for lunch, and that they would cover plaintiffs' expenses to travel to Dr. Novello's office, as his office is located in Washington D.C.. (*Id.* at 2) Plaintiffs filed a responsive brief to defendants' motion to compel. (D.I. 65) In that brief they asked that several restrictions be placed on the IME. (*Id.*) Citing the fragile state of Nancy Doe, plaintiffs asked that they be provided with information on the types of tests and written examinations Dr. Novello intended to use, that the length of the examination be limited, that the examination take place in Delaware rather than Washington D.C., and that medical personnel, Dr. Kaye, or Nancy Doe's mother be permitted to be present during the IME. (*Id.* at 8-9) Defendants, in a subsequent reply brief, presented arguments against allowing Dr. Kaye or Nancy Doe's mother to observe the IME. (D.I. 66 at 3-5)

4. On June 16, 2008, the court granted defendants' motion to compel with the sole restriction that Dr. Kaye be permitted to observe the IME.[1] (D.I. 67) Following the

---

[1] The order read as follows:

IT IS ORDERED that said motion (D.I. 62) is granted, as follows: There shall be no restrictions put in place by the court, other than requiring that Dr. Kaye be present during the examination. (D.I. 65 at footnote 6) Dr. Kaye shall not interfere with the examination in any way. If he should find the examination to be contrary to appropriate medical practices, he shall ask for a break and arrange, through counsel, for a telephone conference

3

order, defendants consulted with Dr. Novello who received a copy of the order on August 8, 2008. (D.I. 72, ex A at 1) In a letter addressed to defendants' attorney, dated September 16, 2008, Dr. Novello indicated he would be unable to perform the examination under the restriction set by the court, and was withdrawing from the case. (*Id.* at ¶ 2) In support of his withdrawal, Dr. Novello explains why a third party presence during an examination might effect the results and validity of the examination and cites two sources which he claims support his position. (*Id.* at 3-4) Defendants now claim that, while they knew prior to the June 16 order that Dr. Novello had objections to the presence of a third party during the IME, they did not know that such a restriction would result in Dr. Novello's refusal to preform the IME. (D.I. 74 at ¶ 1-2) Defendants further point to literature Dr. Novello cited and his consultations with colleagues as evidence that they will likely be unable to obtain another qualified expert to perform the IME if the restriction set by the court is left in place. (*Id.*, D.I. 72 at ¶ 3)

     5. **Standard of Review**. Rule 60(b) provides that a party may file a motion for relief from a **final** judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been

---

    with the court.
(D.I. 67)

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstance. *Pierce Association Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1998).

6. **Discussion.** In their motion, defendants argue that the court's order placing a restriction on the IME has, in effect, prevented them from conducting the IME, thus preventing them from defending the medical contentions made by plaintiffs. Defendants further contend that, as a result of the restriction, the withdrawal of their expert, Dr. Novello, was unforeseeable and their likely inability to retain another suitably qualified expert presents exceptional circumstances warranting relief under Rule 60(b)(6). Rule 60(b), however, provides that "the court may relieve a party or its legal representative from a **final** judgment, order, or proceeding...." Fed.R.Civ.P 60(b) (emphasis added). A final order has been determined to be "one which terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." *Richerson v. Jones*, 551 F.2d 918, 921 (3d Cir. 1977) (quoting *St. Louis, Iron Mine and Southern Ry. Co. v. Southern Express Co.*, 108 U.S. 24, 28-29 (1883)). The court's order granting defendants' motion to compel, with the aforementioned restriction, was an interlocutory order and not a final order. Therefore, it is not properly subject to review under Rule 60(b).

7. To the extent defendants' motion may be construed as a motion for reargument, Local Rule 7.1.5 provides parties an avenue to reargue a court's decision. *See* D. Del. LR 7.1.5. Motions for reargument under L.R. 7.1.5, however, "shall be sparingly granted" and "[i]f a party chooses to file a motion for reargument, said motion shall be filed within 10 days after the Court issues its opinion or decision." *Id.* Even if defendants could meet the high standard set in L.R. 7.1.5, such a motion would be time-barred because the order they seek relief from was issued by the court on June 16, 2008, and defendants did not file the present motion until October 9, 2008, well after the ten day window.

8. Although defendants' requested relief is not within the standard purview of any rule of procedure, nonetheless, as a matter of equity, defendants should not be deprived of their right to present a defense. The court does not have the expertise to determine whether, in fact, Dr. Kaye's presence is necessary to the mental health of Nancy Doe but detrimental to the truth-finding purpose of an IME. If the two doctors cannot reach an accommodation, the court will require both to appear for an evidentiary hearing.

THEREFORE, IT IS ORDERED that defendants' motion (D.I. 72) is granted in part and denied in part, as follows:

1. The motion is granted to the extent that the case shall be stayed until defendants have had the opportunity to retain an expert willing to conduct an IME of plaintiff Nancy Doe.

2. The motion is denied to the extent that the court is not prepared, at this point, to allow the IME to go forward without Dr. Kaye's input.

3. Unless the parties inform the court that they have resolved this matter consensually, the court shall conduct an evidentiary hearing in this matter on **Thursday, June 11, 2009**, commencing at **10:00 a.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

_____
United States District Judge